Filed 3/4/24  P. v. Cabrera CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>KELSEY LEANDRA CABRERA,<br><br>Defendant and Appellant. | C098907<br><br>(Super. Ct. No. 23CF00528) |

Appointed counsel for defendant Kelsey Leandra Cabrera asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  We will affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant and her two codefendants (one female and one male) were in a polyamorous relationship.  They all lived together, along with defendant's three minor children and her female codefendant's two minor children.  One of the children disclosed that she and her siblings had been sexually abused in their home by the male codefendant.

1

He also physically abused some of the children. Defendant suspected that there was inappropriate activity between her male codefendant and the children. After she and her codefendants were arrested, defendant told the child not to talk to police.

Defendant and her two codefendants were charged in a 42-count indictment. Defendant was charged with three counts of child abuse (Pen. Code,[1] § 273a, subd. (a); counts 5, 6, and 7), one count of dissuading a witness from reporting a crime (§ 136.1, subd. (b)(1); count 12), and one count of misdemeanor child abuse (§ 273a, subd. (b); count 40).

In April 2023, defendant pleaded no contest to counts 5, 6, 7, 12, and 40. She waived her right to a jury trial or court trial regarding aggravating circumstances, and instead agreed to permit the trial court to find aggravating circumstances based on the police reports.

During sentencing, defendant presented evidence that she had suffered abuse as a child that caused her to abuse alcohol and methamphetamine throughout her life. She also characterized her male codefendant as physically abusive.

In May 2023, the trial court sentenced defendant to state prison for an aggregate term of ten years eight months, as follows: the upper term of six years for count 5, one year four months consecutive each for counts 6 and 7 (one-third the midterm), two years consecutive for count 12 (one-third the midterm), and one year concurrent for count 40 with credit for time served.

In imposing the upper term, the trial court noted it was required under section 1170, subdivision (d) to consider a lower term sentence given defendant's alleged childhood trauma. However, the court found a lower term was not in the interest of justice, nor was the middle term. The court noted defendant had previously participated

---

[1] Undesignated statutory references are to the Penal Code.

in parenting and substance abuse programs through probation and children's services that would have educated her "about how to establish a healthy environment for children." Although defendant had resolved her current case early, the court noted that the crimes involved "great violence, great bodily harm, constant threats of great bodily harm, and a high degree of cruelty, viciousness and callousness." The court found "no credibility" in defendant's statement that she was unaware that her male codefendant was sexually abusing the female children in the home. In addition, the court observed defendant was aware that codefendant had drugged two of the victims, and she had told the children not to talk with authorities when they were detained. Further, defendant had at least once personally used a leather whip and a wooden board to strike one of the victims. The court concluded that because the aggravating factors outweighed the mitigating circumstances "in both their number and significance," the upper term was appropriate.

The court also imposed a $300 restitution fine (§ 1202.4, subd. (b)), a corresponding $300 parole revocation fine (suspended unless parole is revoked) (§ 1202.45), a $200 court operations fee (§ 1465.8, subd. (a)(1)), and a $150 criminal conviction assessment fee (Gov. Code, § 70373).

The trial court denied defendant's request for a certificate of probable cause on appeal.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at p. 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

3

**DISPOSITION**

The judgment is affirmed.

/s/_____
Wiseman, J.*

We concur:

/s/_____
Earl, P. J.

/s/_____
Krause, J.

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.